NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0532n.06

No. 16-4713

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE NORTHERN DISTRICT OF |
| DARNELL E. COSPER, JR., | ) OHIO |
| | ) |
| Defendant-Appellant. | ) |
| | ) |
| | ) |

**FILED**
Sep 18, 2017
DEBORAH S. HUNT, Clerk

BEFORE: SUHRHEINRICH, GRIFFIN, and KETHLEDGE, Circuit Judges.

PER CURIAM. Darnell E. Cosper, Jr., challenges his within-guidelines sentence as substantively unreasonable. As set forth below, we affirm Cosper's sentence.

On November 19, 2015, Cosper and his co-defendant, James Stites-Bray, entered a Fifth Third Bank in Cleveland, Ohio, with guns drawn and pointed at the tellers. Cosper approached the tellers and demanded money from them. As Cosper was taking money from the tellers, Stites-Bray warned that a bank employee had activated an alarm. Cosper and Stites-Bray then fled from the bank. A federal grand jury subsequently charged Cosper with armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and using, carrying, and brandishing a firearm during and in relation to that robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

Upon the district court's referral for a competency evaluation, a psychologist diagnosed Cosper with borderline intellectual functioning but concluded that "there is no evidence to indicate the defendant suffers from a mental disorder or defect that would substantially impair

his present ability to understand the nature and consequences of the court proceedings brought against him, or substantially impair his ability to assist counsel in his defense." (RE 35, Page ID # 109). Based on the evaluation report, to which both parties stipulated, the district court found that Cosper was competent to stand trial and assist with his defense. Thereafter, Cosper pleaded guilty to the charges against him.

Cosper's presentence report set forth a guidelines range of 33 to 41 months of imprisonment for the robbery count based on a total offense level of 19 and a criminal history category of II. With the seven-year mandatory consecutive sentence for the firearm count, *see* 18 U.S.C. § 924(c)(1)(A)(ii), Cosper's total sentencing range became 117 to 125 months of imprisonment. Cosper sought a downward departure pursuant to USSG § 5K2.13 or, in the alternative, a downward variance pursuant to the sentencing factors under 18 U.S.C. § 3553(a) based on his diminished mental capacity.

At sentencing, the government presented the testimony of FBI Special Agent Andrew Earl. Special Agent Earl testified that, during an interview, Cosper "outlined to me that he . . . had a documented below average IQ, that a judge was never going to convict him based upon his IQ, [and] that he was going to beat the case." (RE 61, Page ID # 414). According to Special Agent Earl, Cosper "made statements that he was basically going to play stupid and act as if information went in one ear and out the other." (*Id.*). Cosper threatened that, "once he beat this case," he was "coming to visit and sexually assault [the officers'] wives" as well as Special Agent Earl's daughter. (*Id.*).

After hearing Special Agent Earl's testimony and the arguments of counsel, the district court found that USSG § 5K2.13's policy statement on diminished capacity did not apply because Cosper's offense involved a serious threat of violence indicating a need to protect the

public. Considering the § 3553(a) factors, the district court found that a within-guidelines sentence was appropriate and sentenced Cosper to 33 months on the robbery count and 84 months on the firearm count, to be served consecutively, for an aggregate sentence of 117 months of imprisonment. The district court also ordered Cosper to serve a three-year term of supervised release and to pay $5,983 in restitution to the victim bank.

In this timely appeal, Cosper contends that the district court imposed a substantively unreasonable sentence in denying him a downward departure or variance based on his diminished capacity. We review the substantive reasonableness of Cosper's sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). We apply a rebuttable presumption of substantive reasonableness to Cosper's within-guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389-90 (6th Cir. 2008) (en banc).

Cosper acknowledges that the district court's denial of a downward departure is generally not cognizable on appeal. *See United States v. Heath*, 525 F.3d 451, 459 (6th Cir. 2008) (holding that this court does "not review decisions of a district court not to depart downward unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure"). Cosper instead contends that the district court's failure to

fully consider USSG § 5K2.13's policy statement as required by 18 U.S.C. § 3553(a)(5) resulted in a substantively unreasonable sentence.

USSG § 5K2.13's policy statement provides that "[a] downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." The policy statement continues: "However, the court may not depart below the applicable guideline range if . . . the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence." *Id*. The district court considered this policy statement and concluded that it did not apply because Cosper's offense involved a serious threat of violence and "there is a need to protect the public from that type of activities." (RE 61, Page ID # 447). Recognizing that Cosper has learning disabilities and mental health diagnoses, the district court noted that "there is some uncertainty as to his true abilities, because of an apparent unwillingness to always cooperate with the testing or to fully apply himself with the testing." (*Id*. Page ID # 446). The district court found no support for the defense's argument that Cosper was susceptible to manipulation, noting that the record reflected Cosper's own attempts to manipulate the system. The district court stated: "I am a great deal concerned about his apparent sophistication regarding the criminal history justice system and how he could use his disabilities or low IQ to manipulate the system and his aggressiveness with the agents and his hostility when he doesn't get his way as reflected in the documents." (*Id*. Page ID # 447).

Given the district court's full consideration of his diminished capacity argument, Cosper has failed to overcome the presumption that his within-guidelines sentence is substantively reasonable. Accordingly, we **AFFIRM** Cosper's sentence.